HARTFORD NATIONAL BANK AND
TRUST COMPANY, Plaintiff,

v.

WESTCHESTER FEDERAL SAVINGS &
LOAN ASSOCIATION, Defendant.

No. 74 Civ. 3900.

United States District Court,
S. D. New York.

Oct. 18, 1976.

William M. Ivler, Stamford, Conn., for plaintiff.

Victor N. Pacor, Pacor & Del Vecchio, New Rochelle, N. Y., for defendant.

KEVIN THOMAS DUFFY, District Judge.

This is a diversity action between Hartford National Bank and Trust Co. and Westchester Federal Savings & Loan Association over a sum on deposit at the Westchester Bank which was allegedly pledged to the Hartford Bank by a depositor. A trial has been held and this opinion constitutes my findings of fact and conclusions of law.

Herbert Stoll, the general partner is a limited partnership known as Hyde Park Company which owned an apartment building in Stamford, Connecticut, approached the Hartford Bank seeking a $35,000 loan. William C. Stevens, a vice-president of Hartford, asked Stoll about possible security for the loan. Stoll indicated that he had an account at the Westchester Bank and exhibited a passbook with the name "Hyde Park Company C/O Herbert Stoll." The bank agreed to lend Stoll the money and required delivery of the passbook, an undated withdrawal slip for the balance, and an executed pledge.

Thereafter, Stevens wrote to Westchester Federal requesting that it complete a form acknowledging receipt of notice of pledge of the account. Westchester Federal through its counsel, John J. Phelan, returned the executed notice of pledge with the following note, "I am returning herewith the receipt of the Notice of Pledge of the above savings account consisting of security rents under leases." Sometime after receipt of the letter, Hartford advanced the money to Stoll. No further inquiries concerning the nature of the account were made by Hartford.

Stoll defaulted on the loan, whereupon Stevens presented the passbook and withdrawal slip to Westchester Federal to obtain receipt of the funds on deposit. Westchester Federal refused to turn over any money from the account.

It is Westchester Federal's position that the funds on deposit are held by Stoll as a fiduciary and that since Hartford National was aware of that fact no valid assignment could occur.

There is no dispute that the monies in issue are in fact fiduciary funds. Westchester Federal has introduced the signature card which is labeled "Fiduciary Account Hyde Park Company (Rent Security Account)." Westchester's ledger card which has also been received in evidence is marked "rent security account." It is equally clear that in advancing money to Stoll, the plaintiff gave value for its security interest in the bank account.

■ The primary dispute centers upon whether plaintiff had actual knowledge that Stoll held the property in question as trustee for the tenants. It is elementary that one who takes property for value from a fiduciary with actual knowledge that the fiduciary has breached his obligations, participates in the breach and is liable to the beneficiaries. Restatement of Trusts, Second § 288; *Ketchum v. Packer*, 65 Conn. 544, 33 A. 499 (1895).

Here the plaintiff advanced money to Stoll after receiving Phelan's letter indicating that the monies in question were rent security deposits. In so doing, plaintiff participated in Stoll's breach.

■ Even if it were assumed that plaintiff did not have actual knowledge of the fiduciary character of the money, it still cannot recover in an action against Westchester Federal. Restatement of Trusts, Second § 288 indicates that

"If the trustee in breach of trust purports to create in a third person an equitable interest in the trust property, the third person cannot enforce such equitable interest if to do so would compel the

trustee to complete the breach of trust . . . ."

In the case before me plaintiff's interest, if any, in the funds is equitable in nature and falls within this principle of law. Illustration 2 to § 288 is comparable to the situation at hand:

"A is trustee of land. In breach of trust A borrows money from B who has no notice of the trust, and A agrees that the land shall be security for the loan. On the following day B receives notice of the breach of trust. B cannot enforce the equitable mortgage."

I find as a matter of fact and of law that the Hartford National Bank cannot enforce its claim to these rent security deposits.

Settle judgment for defendant on notice.